MARY McK. SCHOFIELD, Respondent, *v.* HENRY H. HUSTIS and SAMUEL SEWELL, Impleaded with COLD-WELL D. CHURCHILL and others, Appellants.

*Executor — bond — conditioned to obey all orders of surrogate touching the estate — liability of sureties upon, for money theretofore misappropriated.*

Upon the application of a legatee to secure the removal of an executor, on the ground that he had improperly invested moneys of the estate, and had removed from the State, the surrogate ordered that security be filed within five days, or that he be removed. A bond was accordingly filed, pursuant to 2 Revised Statutes, 72, section 20, conditioned, among other things, that "he shall obey all orders of the surrogate touching the administration of the estate committed to him." *Held,* that the sureties to this bond were liable, not only for all sums received by the executor after the giving of the bond, but also for all moneys misappropriated by him before that time.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought upon a bond given by the defendant Churchill, as executor of Henry Churchill, deceased, to recover from him, and from the sureties thereto, the amount of $583.75, which said executor had been ordered by the surrogate to pay over to the plaintiff herein, as one of the residuary legatees of the deceased.

The condition of the bond was as follows: "The condition of this obligation is such that if the above bounden Coldwell D. Churchill shall faithfully execute the trust reposed in him as executor of the last will and testament of Henry Churchill, deceased, late of the town of Fishkill, and also obey all orders of the surrogate of the county of Dutchess, touching the administration of the estate committed to him."

*M. A. Fowler*, for appellant Hustes.

*Cassedy & Brown*, for appellant Sewell.

*O. D. M. Baker*, for the respondent.

PRATT, J. :

In September, 1868, one of the legatees applied to the surrogate to remove the defendant Churchill as executor, on the ground that he had improperly invested moneys of the estate, that he had removed from the State of New York, and removed a part of the personalty of the estate from the jurisdiction of the court.

The surrogate directed that he file security in five days or be removed. Whereupon defendants (one of whom was his counsel in the proceedings) executed the bond in suit, pursuant to the statute (2 Revised Statutes 72, § 20), conditioned, among other things, that " he shall obey all orders of the surrogate touching the administration of the estate committed to him." Continuing to act as executor, the surrogate in 1875, adjudges him to pay the plaintiff $580.48, with interest. Execution against him being returned unsatisfied, suit is brought upon the bond. The sureties seek to defend, by showing that the proceeds had been misappropriated prior to the execution of the bond. The judge at Special Term overruled the defense, we think, correctly.

The bond was not conditioned that defendant Churchill would account for all moneys received thereafter; it was that he should obey all orders of the court touching the estate. Under the restricted construction contended for by defendant, their bond would not be a protection, but a snare to the legatees, and a shield to the defaulting executor.

We think the condition of the bond was broken, when the executors failed to pay over the moneys of the estate, pursuant to the decree of the surrogate.

It follows that none of the exceptions were well taken, and the judgment is affirmed, with costs.

Present — PRATT and DYKMAN, JJ. BARNARD, P. J., not sitting.

Judgment affirmed, with costs.